**Robert J. GRODEN, Plaintiff–Appellee**

v.

**D. Bradley KIZZIA, Appellee**

**Jackie Diane Allen, Defendant–Appellee**

**Richard B. Tobias, Defendant–
Appellant.**

No. 09–10610
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 2009.

Don Bradley Kizzia, Strasburger &
Price, Dallas, TX, pro se.

Charles W. McGarry, Law Office of
Charles McGarry, Dallas, TX, for Defendant–Appellee.

Richard Brenton Tobias, Arlington, TX,
pro se.

Before KING, STEWART and
HAYNES, Circuit Judges.

PER CURIAM: *

Richard B. Tobias, a sanctioned litigant,
moves for leave to continue his appeal and
to proceed in forma pauperis (IFP) in his
appeal from the district court's denial of
his motion for contempt and relief from
final judgment. The district court denied
Tobias leave to proceed IFP on appeal,
certifying that the appeal is not taken in
good faith. By moving for leave to proceed IFP, Tobias is challenging that certi-

fication. *See Baugh v. Taylor*, 117 F.3d
197, 202 (5th Cir.1997). Our inquiry into
Tobias's good faith "is limited to whether
the appeal involves legal points arguable
on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220
(5th Cir.1983) (internal quotation marks
omitted).

Because Tobias does not address the
reasons for the district court's certification
decision or the basis of the district court's
denial of his motion, it is the same as if he
had not appealed the judgment. *See
Brinkmann v. Dallas County Deputy
Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.
1987); *Baugh*, 117 F.3d at 202. He has
not demonstrated that he will raise a non-frivolous issue on appeal. *See Howard*,
707 F.2d at 219–20. Accordingly, his motion to continue his appeal and to proceed
IFP is DENIED. *See Baugh*, 117 F.3d at
202 n. 24. Because his appeal is frivolous,
*see Howard*, 707 F.2d at 219–20, it is DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.